IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| One Male Juvenile, ) | C/A No. 0:08-543-HMH-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Darlene B. Drew, Warden, FCI Bennetsville, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for judgment on the pleadings. (Docket Entry 16.) The petitioner, a federal prisoner initially proceeding *pro se*,[1] filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is being illegally detained.

On June 6, 2008, the respondent filed a return and a motion for judgment on the pleadings. By order filed June 12, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately to the motion. The petitioner filed a response on June 18, 2008. (Docket Entry 20.) This motion is now before the court for a Report and Recommendation.

---

[1] On February 19, 2008, the petitioner filed this action proceeding *pro se*. On April 16, 2008, the petitioner supplemented his petition and, on June 18, 2008, he filed his response in opposition to the respondent's motion for judgment on the pleadings. On July 9, 2008, an attorney filed a motion to appear *pro hac vice* on behalf of the petitioner, which was granted on July 14, 2008. However, to date, the petitioner's attorney has not submitted any pleadings or documents supplementing the petitioner's response. Therefore, this Report and Recommendation is based on the petitioner's *pro se* filings.

Page 1 of 13



## BACKGROUND

The following facts appear to be undisputed. On January 17, 2001, the petitioner was charged with wire fraud pursuant to 18 U.S.C. § 1343 based on a two-count information filed in a North Carolina district court. (See Pauley Aff. ¶ 3, Docket Entry 16, Ex. 3.) This offense was alleged to have been committed from 1998 through 1999, while the petitioner was under the age of seventeen.

At the time the federal information was filed, the petitioner was incarcerated in the state of Florida stemming from a March 15, 2002 five-year sentence by a Florida state court. (Id. ¶ 4.) In April of 2002, the United States Marshals Service ("USMS") transferred the petitioner under a writ of habeas corpus *ad prosequendum* from the Florida Department of Corrections to appear in federal court in the Western District of North Carolina. (Id. ¶ 5.) On May 22, 2003, the United States District Court for the Western District of North Carolina adjudged the petitioner to be a juvenile delinquent under 18 U.S.C. § 5037 of the Federal Juvenile Delinquency Act ("FJDA") and committed the petitioner to the custody of the Bureau of Prisons ("BOP") for a term of thirty-six months, to begin at the expiration of the petitioner's Florida sentence imposed on March 15, 2002. (Id. ¶ 6); (see also Docket Entry 16, Ex. 1). At the time this federal term was ordered, the petitioner was twenty years old.

In August of 2003, the USMS returned the petitioner to the Florida Department of Corrections to complete service of his state sentence. (Pauley Aff. ¶ 7, Docket Entry 16, Ex. 3.) The USMS lodged a detainer with the Florida Department of Corrections to allow for the petitioner to be turned over to federal custody after he completed the remainder of his state sentence. (Id.) On June 23, 2005, the petitioner completed service of his state sentence, and according to the



respondent, was released to the North Carolina Department of Corrections pursuant to a detainer that was filed on August 8, 2002 based on a state probation violation. (Id.) However, the respondent further asserts that the petitioner was permitted to be released from the North Carolina detainer and immediately released from the Florida Department of Corrections by posting a five thousand dollar bond. (Id.); (see also N.C. Booking Report, Docket Entry 16, Ex. 4).

On or around August 23, 2006, the petitioner was arrested by local authorities based on the outstanding unserved federal term imposed by the Western District of North Carolina. The petitioner was turned over to federal authorities for service of the outstanding three-year federal term of detention. (Pauley Aff. ¶ 10, Docket Entry 16, Ex. 3.)

## DISCUSSION

"The test applicable for judgment on the pleadings is whether or not, when viewed in the light most favorable to the party against whom the motion is made, genuine issues of material fact remain or whether the case can be decided as a matter of law." Tollison v. B & J Mach. Co., 812 F. Supp. 618, 619 (D.S.C. 1993) (internal quotation omitted). Based on the filings with the court, the facts do not appear to be in dispute and this case can be decided as a matter of law.

In his petition for a writ of habeas corpus, the petitioner alleges that the BOP is (1) violating 18 U.S.C. § 5039 by housing him in an adult medium-security institution, (2) refusing to honor the sentencing court's recommendation that he receive credit for time previously spent in juvenile detention, (3) not properly computing his term of detention by failing to apply 28 C.F.R. § 2.10, and (4) not permitted to hold him in federal prison after his twenty-first or twenty-fourth birthday. The petitioner also challenges the juvenile certification filed by the Assistant United States Attorney at the time of conviction and argues that his arrest by county detectives after release by the Florida



Department of Corrections was without a warrant, violating his right to due process. The petitioner asks that the court conduct a hearing on his allegedly unconstitutional detention under the FJDA, and order that he be immediately released based upon factual findings on any and all of the claims stated in his petition.[2]

A.     **Collateral Estoppel**

The respondent first contends that the petitioner is collaterally estopped from litigating two of his issues because they were previously raised in the United States District Court for the Western District of North Carolina under 28 U.S.C. § 2241 and § 2255. Collateral estoppel bars subsequent litigation of legal or factual issues presented in an earlier action that were "actually determined and necessarily decided" in the first litigation. Virginia Hosp. Ass'n v. Baliles, 830 F.2d 1308, 1311 (4th Cir. 1987); see also Combs v. Richardson, 838 F.2d 112, 114 (4th Cir.1988). Generally, for collateral estoppel to apply, the following elements must be present: (1) the issue of fact or law must have been actually litigated in the prior litigation; (2) the issue must have been determined in the prior litigation; (3) the determination must have been critical and necessary to the decision in the prior litigation; (4) the prior decision must be final and valid; and (5) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior litigation. Sedlack v. Braswell Servs. Group, Inc., 134 F.3d 219, 224 (4th Cir. 1998).

Specifically, the respondent alleges that the petitioner asserted in prior federal litigation that he could not be held in federal custody past his twenty-first or twenty-fourth birthday and that he challenged the juvenile certification filed by the Assistant United States Attorney. These petitions

---

[2]As an initial matter, the respondent does not appear to challenge that the parties are proper, that the petitioner properly exhausted his administrative remedies prior to filing this petition, that the venue is appropriate, or that the respondent was properly served.



were denied by the district court, and the United States Court of Appeals for the Fourth Circuit dismissed the petitioner's appeal. The petitioner argues that while he did raise these issues in a previous habeas petition, "the court did not make an adequate inquiry into the § 5032 certification prerequisites." (Pet'r's Resp. at 2, Docket Entry 20.) The petitioner further asserts that the respondent has not satisfied all of the elements for collateral estoppel to apply and, therefore, "no further argument on the claim is needed." (Id. at 4.)

Upon review of the pleadings, the court finds that the doctrine of collateral estoppel precludes re-litigation of both of these issues. The petitioner previously filed in the Western District of North Carolina habeas corpus petitions pursuant to §§ 2255 and 2241. The petitioner specifically argued and the district court rejected the petitioner's argument that he could not be held in federal custody past his twenty-fourth birthday. (See Docket Entry 16, Attachment 5 at 8-9.) Further, the petitioner previously argued that the certification required to initiate a juvenile delinquency proceeding was not properly executed. The district court found that the day the information was filed, a proper certification was filed. (Id.) Accordingly, all the elements of collateral estoppel are met and these two claims are barred from litigation.

**B.**     **Place of Confinement**

The petitioner alleges that pursuant to 18 U.S.C. § 5039, he should not be housed in a medium-security adult institution because he should not be treated as an adult for custody purposes. (Pet. at 2, Docket Entry 1.) Section 5039 provides, in pertinent part:

> No juvenile committed, whether pursuant to an adjudication of delinquency or conviction for an offense, to the custody of the Attorney General may be placed or retained in an adult jail or correctional institution in which he has regular contact with adults incarcerated because they have been convicted of a crime or are awaiting trial on criminal charges.

Page 5 of 13



The respondent argues that 18 U.S.C. § 5031 defines a juvenile, in part, as a "person who has not attained his eighteenth birthday" and, therefore, the BOP interprets § 5039 to permit any person over the age of eighteen that was sentenced under the FJDA to be placed in an adult facility.  In further support of this interpretation, the respondent references BOP Program Statement 5216.05, which states:

> When a juvenile sentenced as an adult attains his or her 18th birthday or a **juvenile sentenced as a juvenile attains his or her 21st birthday**:
> (1) A Bureau institution may be designated, treating that juvenile as an adult, in accordance with the Security Designation and Custody Classification Manual, or
> (2) The juvenile may remain in a contract juvenile facility for continuity of program participation.

(See Docket Entry 16, Exhibit 7 at 4) (emphasis added).  Although the Petitioner was twenty years old when he was sentenced, due to his Florida state sentence and other circumstances, he was first committed to the BOP for service of his federal detention when he was twenty-three years old. There is nothing in § 5039, nor has the petitioner pointed to any relevant law, that prohibits placing a juvenile offender over the age of eighteen—or as in this case, the age of twenty-three—in an adult facility.

## C.     Prior Custody Credit

The petitioner asserts that he is entitled to custody credit on his thirty-six month detention based on the time he spent in custody from April 2002 until August 2003 while he was on a writ of habeas corpus *ad prosequendum* to the federal authorities.  The petitioner bases this assertion on the



district judge's order that the "Defendant shall be credited with any time served in federal custody up to this time until his return to the Florida Detention System."[3]  (See Docket Entry 16, Ex. 1 at 2.)

Credit for prior custody is specifically addressed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

The petitioner asserts that this provision is inapplicable to his detention because it applies to criminal convictions, not juvenile adjudications.  However, this statute has been specifically held to apply to juveniles adjudicated as delinquent under the FJDA.  Jonah R. v. Carmona, 446 F.3d 1000 (9th Cir. 2006).  Moreover, in Program Statement 5880.30, the BOP has set forth procedures for determining if an award of prior custody credit is proper, which states, "Presentence time shall be applied to a [Juvenile Justice and Delinquency Prevention Act][4] sentence the same as for an adult, except that the presentence time credit shall not be deducted from the Effective Full Term Date when the court has ordered the juvenile committed to the twenty-first birthday."  (Docket Entry 16, Ex. 8 at 4.)  Accordingly, the terms of 18 U.S.C. § 3585(b) apply to the petitioner's detention.

---

[3]While the petitioner appears to have previously litigated his entitlement to credit on his federal detention based on the time he spent in pretrial detention due to the writ of habeas corpus *ad prosequendum*, it is unclear from the record whether the petitioner based this claim on the same ground.  Therefore, the court will address this claim on the merits.

[4]The Juvenile Justice and Delinquency Prevention Act ("JJDPA") of 1974 is codified at 42 U.S.C. § 5601 et seq.; however, this act also amended portions of the FJDA, codified at 18 U.S.C. § 5031 et seq., and therefore, at times the JJDPA appears to also refer to 18 U.S.C. § 5031 et seq.



During the requested time period, the petitioner was in federal custody pursuant to a writ of habeas corpus *ad prosequendum*. Prisoners who are in state custody and are removed on a federal writ of habeas corpus *ad prosequendum* are not entitled to credit on a subsequent federal sentence for the days detained in federal custody on the writ when they received the credit towards their state sentence. See United States v. Evans, 159 F.3d 908 at 911-12 (4th Cir. 1998); Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992) (noting that, pursuant to the predecessor of § 3585, a prisoner is not in custody, but is "on loan" when he appears in federal court pursuant to a writ *ad prosequendum* and citing a collection of case law). In fact, the petitioner received credit for this time towards his Florida state sentence. (See Pauley Aff. ¶ 18, Docket Entry 16, Ex. 3.) Permitting a prisoner to receive double credit for time served would violate 18 U.S.C. § 3585(b). See United States v. Wilson, 503 U.S. 329, 333 (1992) ("[T]he final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.'"); United States v. Kramer, 12 F.3d 130, 132 (8th Cir.1993) (explaining that "[t]he record shows that [the petitioner] received credit toward his state sentence for that same time period" and holding that the BOP "properly decided not to award [the petitioner] credit for the time served, as it would have contravened the proscription in 18 U.S.C. § 3585(b) against double crediting"); Tisdale v. Menifee, 166 F. Supp. 2d 789 (S.D.N.Y. 2001) (stating that "§ 3585(b) precludes [the petitioner] from receiving 'double credit' for [the same] time on both his state and federal sentences"). Thus, contrary to the petitioner's allegation, he is not entitled to additional credit for the time he spent in custody on the writ of habeas corpus *ad prosequendum*.

Furthermore, while the petitioner relies upon the district judge's recommendation that he receive such credit, the crediting of time served is an administrative function that has been delegated




to the BOP.  United States v. Wilson, 503 U.S. 329 (1992) (rejecting the argument that 18 U.S.C. § 3585(b) authorizes a district court to award credit at sentencing);  United States v. Montez-Gaviria,163 F.3d 697, 700-01 (2d Cir. 1998) ("The Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive credit for any prior time spent in custody.");  United States v. Clayton, 588 F.2d 1288, 1292 (9th Cir. 1979) ("It is the administrative responsibility of the Attorney General, the Department of Justice, and the Bureau of Prisons to compute sentences and apply credit where it is due. It is not the province of the sentencing court.").   Accordingly, even though the district court recommended that the petitioner receive credit for "any time served in federal custody up to this time until his return to the Florida Detention System," he is not *entitled* to this credit against his federal term of detention.  Therefore, the petitioner is not entitled to habeas relief based on this claim.

**D.     Date of Commencement**

The petitioner contends that, pursuant to 28 C.F.R. § 2.10(c), his detention commenced to run from the date of his conviction, which was May 22, 2003 and, therefore, expired no later than May 22, 2006.  Applying this argument, the petitioner asserts that both the district court and the BOP lacked authority and jurisdiction to permit his detention to commence on August 23, 2006.[5]

---

[5]The petitioner also appears to assert that the sentencing court did not have the authority to impose his federal term of detention consecutive to his state sentence.  The petitioner filed this petition under § 2241, which is appropriate for challenging the execution of his sentence; however, § 2241 is inappropriate for challenging the underlying validity of the conviction.  Charles v. Chandler, 180 F.3d 753 (6th Cir. 1999).  This issue pertains to the underlying validity of his conviction and is, therefore, inappropriate to be considered in this petition absent demonstrating that § 2255 is neither an adequate nor effective remedy, which the petitioner has not alleged with respect to this issue.  28 U.S.C. § 2255; Swain v. Pressley, 430 U.S. 372, 381 (1977).

Page 9 of  13



Section 2.10(c) is inapplicable to the petitioner because it is a United States Parole Commission regulation that applies to a sentence imposed under the Youth Correction Act, which has since been repealed, or the Narcotic Addict Rehabilitation Act.[6]  See Caballery v. U.S. Parole Comm'n, 673 F.2d 43 (2d Cir. 1982);  Davis v. Markley, 589 F.2d 784 (4th Cir. 1979). Accordingly, for the reasons discussed above, 18 U.S.C. § 3585(a) applies to the petitioner in determining when the petitioner's federal detention commenced.

Section 3585(a) provides: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Moreover, in Program Statement 5880.30 the BOP has set forth a policy for determining commencement, which states that "[t]he date of the dispositional hearing (date of sentencing) is the date on which the [JJDPA] sentences shall commence to run provided the juvenile was in federal custody based on the charge leading to the JJDPA sentence."  (Docket Entry 16, Ex. 8 at 3.) Pursuant to 18 U.S.C. § 3585(a) and Program Statement 5880.30, the BOP appropriately determined that the petitioner's detention commenced beginning on the date that he was taken into custody following release from the Florida Department of Corrections, August 23, 2006.  See Evans, 159 F.3d at 911 ("A federal sentence does not commence until the Attorney General receives the defendant into her 'custody' for service of that sentence.").  Therefore, the petitioner is not entitled to habeas relief based on this claim.

---

[6]Section 2.10(c) provides: "Service of the sentence of a committed youth offender or person committed under the Narcotic Addict Rehabilitation Act commences to run from the date of conviction and is interrupted only when such prisoner or parolee: (1) Is on court-ordered bail; (2) Is in escape status; (3) Has absconded from parole supervision; or (4) Comes within the provisions of paragraph (b) of this section."



**E.     Due Process**

In the petitioner's supplement to his petition for a writ of habeas corpus, he asserts that he was arrested on August 23, 2006 without a warrant, which violated his due process rights and, therefore, his detention is illegal.  The petitioner contends that he was taken into custody based on a document entitled "judgment in a criminal case," which was insufficient to arrest him.  Warrants are not required for all arrests.  See United States v. Watson, 423 U.S. 411, 416-17 (1976) ("[T]here is nothing in the Court's prior cases indicating that under the Fourth Amendment a warrant is required to make a valid arrest for a felony. Indeed, the relevant prior decisions are uniformly to the contrary.").  "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed."  Devenpeck v. Alford, 543 U.S. 146, 152 (2004).

In the petitioner's situation, he was taken into custody based on a federal "Judgment and Commitment Order" for the purpose of serving an unserved federal detention.  The respondent compared the petitioner's situation of release from the Florida Department of Corrections and his outstanding federal sentence to that of a parole violator or escaped convict who is subject to arrest without a separate warrant. In the petitioner's situation, the arresting officers had reason to believe that the petitioner had an outstanding previously imposed sentence, which provided a sufficient basis to take him into custody.  See  Jenkins v. Currier, 514 F.3d 1030 (10th Cir. 2008) (concluding that no warrant was necessary to take an erroneously released prisoner into custody to serve a previously imposed sentence).  Accordingly, the petitioner is not entitled to habeas relief on this claim.



**RECOMMENDATION**

Accordingly, the court recommends that the respondent's motion for judgment on the pleadings (Docket Entry 16) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 2, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).